Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4000 | **DATE** | 6/7/2013 |
| **CASE TITLE** | Christopher E. Patton (#28688) vs. Kane County Adult Justice Center | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is denied, with leave to renew. The plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit a proposed amended complaint (along with a judge's copy and service copies). Failure of the plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to send the plaintiff an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order.

■ **[For further details see text below.]**    **Docketing to mail notices.**

# STATEMENT

The plaintiff, a detainee in the custody of the Kane County Adult Detention Center, has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff claims that he has been subjected to inhumane conditions of confinement on three separate occasions. More specifically, the plaintiff alleges that he has been denied a mattress and bedding whenever he is placed on "red status" (apparently, disciplinary segregation of some kind).

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. The plaintiff's application to proceed *in forma pauperis* is not certified by a jail or prison official and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If the plaintiff wishes to proceed with this case *in forma pauperis*, he must file a signed i.f.p. application on the court's required form, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from November 30, 2012, through May 30, 2013]. A jail official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, the plaintiff may pay the full $350 statutory filing fee.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

The plaintiff must also submit an amended complaint, as he has not named a proper defendant. The only named defendant, the Kane County Adult Detention Center, is not a suable entity. *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Velazquez v. Kane County Jail Adult Judicial Center*, No. 13 C 0644, 2013 WL 523827, at *1 (N.D. Ill. Feb. 11, 2013) (Leinenweber, J.) (citations omitted). The plaintiff must draft an amended complaint naming those specific individuals who were personally and directly responsible for his living conditions. That is, the amended complaint should indicate who seized his mattress and blanket, and/or to whom he complained about the conditions but who failed to take corrective action.

Before drafting his amended complaint, the plaintiff would be well advised to perform some basic research. For pretrial conditions to amount to "punishment" of a pretrial detainee without due process, the plaintiff must allege something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. Punishment in the constitutional sense generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, at *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.).

The court questions whether the denial of bedding--particularly where, as here, evidently triggered by special security concerns relating to the plaintiff's conduct--rises to the level of constitutional concern. Judges of this court have routinely ruled that being assigned to sleep on the floor, while undesirable and unfortunate, is not itself enough to give rise to an arguable due process claim of punishment. *Hines v. Sheahan*, 845 F. Supp. 1265, 1269 (N.D. Ill. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 759 (N.D. Ill 1993). A bed frame without a mattress seems no more of a hardship. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In sum, if after considering the provisions of the Prison Litigation Reform Act the plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) submit an amended complaint naming as defendants those individuals personally responsible for allegedly violating the plaintiff's constitutional rights. **As with every document filed with the court, the plaintiff must provide both the original and a judge's copy; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named defendant.** The clerk will provide the plaintiff with an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order. If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case, on the understanding that plaintiff does not wish to pursue this lawsuit.